UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE NEWMAN,

               Plaintiff,

-against-

BILL de BLASIO (MAYOR); STEVEN BANKS (DHS); JOSLYN CARTER (DHS ADMIN.),

               Defendants.

1:21-CV-6141 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Maurice Newman, who appears *pro se* and is presently living in a homeless shelter while serving a term of parole, alleges that the defendants have violated his federal constitutional rights. He sues: (1) New York City Mayor Bill de Blasio; (2) Commissioner of the New York City Departments of Social Services and Homeless Services (DHS) Steven Banks; and (3) DHS Administrator Joslyn Carter. Plaintiff seeks injunctive relief and damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

    By order dated August 25, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference to the name of a minor child in a court submission must be limited to the child's initials. In his IFP application, Plaintiff has mentioned the full name of a minor child. Accordingly, the Court has asked the Clerk of Court to limit electronic access to Plaintiff's IFP application to a "case-participant only" basis.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Plaintiff is serving a term of parole, and has been living in the Bellevue Men's Shelter, a New York City-operated homeless shelter, for three years. Two and a half years ago, he was issued a housing voucher. Plaintiff is a college student and has been working "off and on." (ECF 2, at 4.) He has received "no help and done all [his] own footwork." (*Id.*) The New York City Department of Homeless Services (DHS) "made [him] drop out of school and run from parole by sending [him] to a shelter that was inhumane and not suitable for [any]one to live in."[2] (*Id.*)

Plaintiff has documents, photographs, and video confirming his situation and living conditions, and has given them to DHS, as well as to the Parole Division of the New York State Department of Corrections and Community Supervision (DOCCS) during his parole revocation proceeding. Plaintiff, whose parole had been revoked, was restored to parole, "and the judge didn't understand why [Plaintiff has] been in a shelter this long with all of the[] pay stubs and documents" Plaintiff was able to produce. (*Id.*)

Plaintiff's due process rights have been violated "because [his housing] voucher is a proceeding and hearings and for 2 ½ [years he has been] stuck in a worthless shelter [worse] than the prison [he had] been in." (*Id.* at 5.)

Plaintiff asks this Court to order DHS "to honor the [housing] voucher[,] [p]ay for [his] college and car and to fix [his] parole." (*Id.*)

---

[2] Plaintiff alleges that he has "serious breathing issues and other health conditions from staying in these nasty, under clean and not properly ventilated shelters." (ECF 2, at 5.)

3

# DISCUSSION

### A.    Personal involvement

To state a claim against an individual defendant under 42 U.S.C. § 1983, a plaintiff must allege facts showing the individual defendant's direct and personal involvement in the constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a [government] official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names Mayor de Blasio, Commissioner Banks, and Administrator Carter as defendants in this action. But he alleges no facts showing how these individuals were personally and directly involved with the alleged violations of his federal constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which he names as defendants those individual government officials who were personally and directly involved with the alleged violations of his federal constitutional rights and alleges facts showing those defendants' personal and direct involvement.

### B.    Substantive due process

Plaintiff, a homeless parolee, alleges that he has been placed and forced to live in a "nasty," unclean, and poorly ventilated New York City-operated shelter, and that his right to due

process has been violated. (ECF 2, at 2-5.) The Court understands Plaintiff's complaint as asserting a claim that Plaintiff has been denied his right to substantive due process. But Plaintiff must amend his complaint to allege sufficient facts to state such a claim.

The right of substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests," *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) – including the rights of life, liberty, and property, *see Daniels v. Williams*, 474 U.S. 327, 331 (1986) – but it generally does not require a government official to provide aid or protection, *see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."). There are, however, two exceptions to this *DeShaney* rule: "First, the [government] or its agents may owe a constitutional obligation to the [plaintiff] . . . if the [government] ha[s] a 'special relationship' with the [plaintiff]. Second, the [government] may owe such an obligation if its agents 'in some way had assisted in creating or increasing the danger to the [plaintiff].'" *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (citations omitted). But even if a plaintiff's substantive due process claim does fall within one of these two exceptions, "he must [still] show that the [defendant's] behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

Examples of individuals who have a "special relationship" with the government are incarcerated prisoners and committed mental-health patients. *Id.* at 156. Another example of these individuals are parolees, but the degree to which the government is responsible for providing aid or protection to a parolee is "minimal" compared to what it is required to provide

to an incarcerated prisoner or a committed mental-health patient. *See Jacobs v. Ramirez*, 400 F.3d 105, 106-07 (2d Cir. 2005). That minimal degree of aid or protection, however, does not allow the government to compel a parolee to live in an unsafe location. *Id.* at 107 ("Having agreed to parole [the plaintiff] to the home to which he sought to be paroled, the state assumed the very limited duty of ensuring that it did not *require* him to remain in a place that turned out, at least according to his allegations, to be uninhabitable.") (italics in original).

Plaintiff has failed to allege sufficient facts to show, under either of the two above-referenced exceptions to the *DeShaney* rule, that a government official is required to provide him with aid or protection with regard to his placement and continued residency in the New York City-operated homeless shelter in which he currently lives. He has also failed to allege sufficient facts to show that his shelter's conditions are so egregiously and outrageously unsafe as to "shock the contemporary conscience." In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state a claim that a government official has violated his right to substantive due process.

C.    **Procedural due process**

Plaintiff alleges that government officials have violated his right to due process by failing to act with regard to the housing voucher that the government apparently issued to Plaintiff two and a half years ago. (ECF 2, at 2-5). The Court therefore understands Plaintiff's complaint as asserting a claim that Plaintiff's right to procedural due process has been violated. But Plaintiff must amend his complaint to allege sufficient facts to state such a claim.

"The two threshold questions in any . . . claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *see also Hynes v.*

*Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (To state a procedural due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law."). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

"Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Coll.v. Roth*, 408 U.S. 564, 577 (1972). Courts have regarded a government-issued Section 8 housing voucher as a property interest that is subject to procedural due process protections. *See, e.g.*, *A.S. v. Been*, 228 F. Supp. 3d 315, 317 (S.D.N.Y. Jan. 23, 2017) (quoting *Junior v. City of N.Y. Hous. Pres.& Dev. Corp.*, No. 12-CV-3846, 2013 WL 646464, at *6 (S.D.N.Y. Jan. 18, 2013)).

Where the government deprives a plaintiff of some interest pursuant to an established procedure,[3] due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, a government official's random and unauthorized act does not violate due process if a meaningful postdeprivation remedy is available; when the government cannot predict precisely when the loss will occur, it would be impossible to provide a meaningful hearing *before* the deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986);

---

[3] Conduct is undertaken in accordance with established state procedures when, for example, it is "'pursuant to a statute, code, regulation, or custom'" or is the result of a decision made by a high-ranking official with "'final authority over significant matters,'" *see Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,* 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

*Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels*, 474 U.S. at 330-31; *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation . . . when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.") (italics in original).

If a government official within New York State has failed to act with regard to a litigant's property or liberty interest, courts have held that the process in which to compel that government official to take action is a state-court proceeding for mandamus relief under Article 78 of the New York Civil Practice Law and Rules. *See Nenninger v. Vill. of Port Jefferson*, 509 F. App'x 36, 39 n.2 (2d Cir. 2013) (summary order) (procedural due process claim arising from village's failure to act on a litigant's land-use application failed because he "was free to bring an Article 78 mandamus proceeding in New York State court"); *New York State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001) ("Once the delay in the processing of any claim of the members of subclasses A and B became unreasonable, each member could have brought an Article 78 proceeding to mandamus [New York State] Division [of Human Rights] officials to proceed expeditiously to resolve the discrimination claim."). But "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991).

Plaintiff has not alleged sufficient facts to state a claim that his right to procedural due process has been violated with regard to a government official's failure to act with respect to Plaintiff's housing voucher. This is because it is not clear that Plaintiff has a property interest in that housing voucher; he has failed to describe what type of housing voucher it is or the

government program, statute, or regulation responsible for its issuance. Moreover, even if he does possess a property interest in the housing voucher, Plaintiff has failed to allege any facts showing a lack of an available judicial proceeding to force a government official to act on that voucher (such as an Article 78 proceeding) or why such a proceeding is inadequate. The Court grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state a claim that a government official has violated his right to procedural due process.[4]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of a violation of his right to substantive or procedural due process, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

---

[4] Plaintiff seems to allege that he has been involved in a hearing or other sort of proceeding with respect to the housing voucher, but does specify what type of hearing or proceeding it was. (ECF 2, at 5.) In his amended complaint, Plaintiff should describe to the Court all hearings or other proceedings in which he has participated with regard to the housing voucher.

short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:21-CV-6141 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the

Court will dismiss this action for failure to state a claim upon which relief may be granted.[5] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 17, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[5] On September 7, 2021, Plaintiff filed a letter in which he seems to raise multiple concerns about this action. (ECF 4.) If there are any concerns that Plaintiff wishes the Court to consider, he should raise them in his amended complaint.